# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION<br><br>_____<br><br>RICHARD A. BOUGH,<br>            Plaintiff,<br>   vs.<br>KERR INVESTMENT HOLDING CORP., IOVATE HEALTH SCIENCES, INC., IOVATE HEALTH SCIENCES U.S.A., INC. and MUSCLETECH RESEARCH AND DEVELOPMENT, INC.,<br>            Defendants. | CASE NO. 09MD2087-BTM (AJB)<br><br>(S.D. Cal. No. 09CV2511)<br><br>(S.D.N.Y. No. 09CV8630)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT** |

      On October 9, 2009, Plaintiff Richard A. Bough filed a complaint in the United States District Court for the Southern District of New York against Kerr Investment Holding Corp., Iovate Health Sciences, Inc., Iovate Health Sciences U.S.A., Inc. and MuscleTech Research and Development, Inc. ("Complaint"). On November 30, 2009, after the case was transferred by the Panel on Multidistrict Litigation ("MDL") to the Southern District of California, Defendants

filed a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) and 9(b) ("Motion").  For the reasons set forth below, Defendants' Motion is **DENIED**.

## I. DISCUSSION

Defendants contend that they "cannot reasonably frame a responsive pleading or determine what defenses apply to Plaintiff's Complaint in its current form."  Defendants argue that the Complaint combines 14 individual Hydroxycut-branded products by referencing "Hydroxycut products," "Products" or "Hydroxycut" throughout thereby failing to give the Defendants proper notice as to which products, representations and omissions are at issue in this action and rendering it impossible to respond to the allegations in the Complaint.  Upon review of Plaintiff's Complaint, the Court holds that Defendants have not come close to showing that the Complaint is so excessively vague as to be unintelligible.

Federal Rule of Civil Procedure 12(e) allows for an order requiring Plaintiff to provide a more definite statement when the pleading is so vague or ambiguous that the responding party cannot reasonably be required to frame a responsive pleading.  Fed. R. Civ. P. 12(e). Motions for a more definite statement are disfavored.  In re European Rail Pass Antitrust Litigation, 166 F. Supp. 2d 836, 844-45 (S.D.N.Y. 2001) (denying motion for a more definite statement where Plaintiff could have been referring to either the identical set of products or to functionally similar competing products).  In order to warrant a more definite statement, the complaint must be "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001).  The rule is designed to remedy unintelligible pleadings, not to correct for lack of detail.   Whether or not to grant a motion for a more definite statement is in the discretion of the trial court.  See Vaden v. Lantz, 459 F. Supp. 2d 149, 150 (D. Conn. 2006).

In his Complaint, Plaintiff is abundantly clear that his claims are based upon the specific product known as Hydroxycut Regular Rapid Release Caplets.  Plaintiff alleges he "ingested a Hydroxycut product, namely Hydroxycut Regular Rapid Release Caplets."

Complaint ¶ 14.  Furthermore, Plaintiff details his "Experience with Hydroxycut Regular Rapid Release Caplets."  Complaint, page 11.  Plaintiff alleges that he:

- "purchased and used Hydroxycut Regular Rapid Release Caplets from on or about August 1, 2007 through October 10, 2007."  Complaint ¶ 48.
- "used Hydroxycut Regular Rapid Release Caplets as directed, and for the purpose and in the manner for which it was normally intended."  Complaint ¶ 49.
- could not have discovered the defective nature and or dangers of Hydroxycut Regular Rapid Release Caplets.
- "would not have purchased and used Hydroxycut Regular Rapid Release Caplets had Defendant properly disclosed the risks associated with the product."

Plaintiff further alleges that, on or about October 10, 2007, as a direct and proximate result of using Hydroxycut Regular Rapid Release Caplets, he suffered a heart attack and acute kidney failure. Complaint ¶ 51.

The Court finds Plaintiff's reference to the "Hydroxycut products" collectively, as defined in his Complaint, to be sufficiently definite.  Complaint ¶ 3.  The fact that Plaintiff uses the defined term "Hydroxycut products" to refer to characteristics or representations common to all (including Hydroxycut Regular Rapid Release Caplets) does not render his allegations unintelligible.

Even where the more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply, the Court holds Plaintiff's allegations to be sufficiently specific and definite.  <u>See e.g.,</u> Complaint ¶ 2-8, 29-38, 36, 47, and 96-102.

Rather than require Plaintiff to provide a more definite statement, the preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.  <u>Kok</u>, 154 F. Supp. 2d at 782;  <u>In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.</u>, No. 00 Civ. 1898, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005); <u>Ontario Ltd. v. Lencore Acoustics Corp.</u>, 105 F. Supp. 2d 56, 65-66 (E.D.N.Y. 2000) (denying a motion pursuant to Rule 12(e) because

discovery is appropriate method for obtaining more information about the specific issues raised in plaintiff's complaint).

## II.  CONCLUSION

The Defendants' Motion is **DENIED**.

IT IS SO ORDERED.

DATED:  February 5, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge